UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| V.J.<br><br>Plaintiff,<br><br>-against-<br><br>611 DEGRAW LLC d/b/a UNION HOTEL, GREENWICH STREET EQUITIES LTD. d/b/a UNION HOTEL, d/b/a GOWANUS INN AND YARD and 645-651 UNION INVESTOR, LLC d/b/a GOWANUS INN AND YARD,<br><br>Defendants. | Case No. 1:25-cv-02927-OEM-JAM |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT 611 DEGRAW LLC d/b/a UNION HOTEL'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii, iii, iv, v

INTRODUCTION ........ 1

BACKGROUND AND SUMMARY OF PLAINTIFF'S ALLEGATIONS ........ 3

LEGAL STANDARD ........ 4

ARGUMENT ........ 5

POINT I 611 DEGRAW CANNOT BE HELD LIABLE AS A "BENEFICIARY" UNDER THE TVPRA ........ 5

A. The FAC Does Not Plausibly Allege 611 Degraw Participated in a Venture that Criminally Trafficked Plaintiff ........ 6

B. The FAC Does Not Plausibly Allege 611 Degraw Knew or Should have Known of Plaintiff's Trafficking. ........ 11

POINT II 611 DEGRAW CANNOT BE HELD LIABLE AS A "BENEFICIARY" UNDER NEW YORK SOCIAL SERVICES LAW § 483-BB ........ 15

POINT III THE FAC DOES NOT DISCERN ALLEGATIONS AGAINST ANY SPECIFIC DEFENDANT ........ 16

CONCLUSION ........ 17

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**


*A.A. v. Omnicom Group, Inc.*,
2026 WL 504904 (S.D.N.Y. Feb. 24, 2026) .....5

*A.B. v. Hilton Worldwide Holdings Inc.*,
484 F. Supp. 3d 921 (D. Or. 2020) .....12, 14, 17

*A.B. v. Marriott International, Inc.*,
455 F. Supp. 3d 171 (E.D. Pa. 2020) .....18

*A.D. v. Cavalier Mergersub LP*,
2022 WL 4357989 (M.D. Fla. Sept. 20, 2022) .....17

*A.G. v. Northbrook Industries, Inc.*,
171 F.4th 1257 (11th Cir. 2026) .....11

*Atuahene v. City of Hartford*,
10 F. App'x 33 (2d Cir. 2001) .....3

*B.M. v. Wyndham Hotels & Resorts, Inc.*,
2020 WL 4368214 (N.D. Cal. July 30, 2020) .....18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 554 (2007) .....4

*Boykin v. KeyCorp*,
521 F.3d 202 (2d Cir. 2008) .....4

*C.C. v. H.K. Grp. of Co., Inc.*,
2022 WL 467813 (N.D. Ga. Feb. 9, 2022) .....12, 14

*Doe 1 v. Apple Inc.*,
96 F.4th 403 (D.C. Cir. 2024) .....6

*Doe 1 v. Deutsche Bank Akteingesellschaft*,
671 F. Supp. 3d 387 (S.D.N.Y. 2023) .....9, 11

*Doe (G.N.C.) v. Uniquest Hospitality, LLC*,
2024 WL 4149251 (S.D.N.Y. Sept. 11, 2024) .....2, 17

*Doe (J.L.K.) v. Choice Hotels International, Inc.*,
2026 WL 2491413 (D. Idaho 2026) .....1, 13

*Doe v. 42 Hotel Raleigh, LLC*,
717 F. Supp. 3d at 473 ....................12, 13, 14

*Doe v. Red Roof Inns, Inc.*,
21 F.4th 714 (11th Cir. 2021) ....................2, 6, 11, 12

*E.S. v. Best W. Int'l, Inc.*,
510 F. Supp. 3d 420 – 29 (N.D. Tex. 2021) ....................14

*G.G. v. Salesforce.com*,
76 F.4th 544 (7th Cir. 2023) ....................6

*Girden v. Sandals, Intern., Ltd.*,
206 F. Supp. 2d 605 (S.D.N.Y. 2002), *aff'd.*, 67 Fed. Appx. 27 (2d Cir. May 29, 2003) ....................9

*Glob-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011) ....................15

*H.G. v. Inter-Continental Hotels Corp.*,
489 F. Supp. 3d 697 (E.D. Mich. 2020) ....................12

*Hill v. Katz*,
2025 WL 964094 (E.D.N.Y. Mar. 31, 2025) ....................4

*J.L. v. Best Western Int'l, Inc.*,
521 F. Supp. 3d 1048 (D. Colo. 2021) ....................12

*J.M. v. Choice Hotels Int'l, Inc.*,
2022 WL 10626493 (E.D. Cal. Oct. 18, 2022) ....................12

*K.B. v. Inter-Continental Hotels Corp.*,
2020 WL 8674188 (D.N.H. Sept. 28, 2020) ....................14

*K.H. v. Riti, Inc.*,
2024 WL 505063 (11th Cir. Feb. 9, 2024) ....................8

*K.O. v. G6 Hospitality, LLC*,
728 F. Supp. 3d 624 (E.D. Mich. 2024) ....................14

*Kolari v. N.Y. Presbyterian Hosp.*,
455 F.3d 118 (2d Cir. 2006) ....................16, 17

*Lawson v. Rubin*,
2018 WL 2012869 (S.D.N.Y. Apr. 29, 2018) ....................10

*Lynch v. City of New York*,
952 F.3d 67 (2d Cir. 2020) ....................4

*McCrain v. Metro. Transp. Auth.*,
2020 WL 1285634 (S.D.N.Y. Mar. 18, 2020) ....................4

*Mueller v. Deutsche Bank Aktiengesellschaft*,
2026 WL 2220472 (2d Cir. Aug. 3, 2026)....................2, 6, 7, 8, 9, 10, 11

*Noble v. Weinstein*,
335 F. Supp. 3d 504 (S.D.N.Y. 2018)....................10

*Otis v. Combs*,
2026 WL 42492 (S.D.N.Y. Jan. 7, 2026) ....................16

*Ramirez v. E.N. Home Improvement Inc.*,
2026 WL 432310 (E.D.N.Y. Feb. 16, 2026)....................17

*S.J. v. Choice Hotels Int'l, Inc.*,
473 F. Supp. 3d 147 (E.D.N.Y. 2020) ....................12, 14

*Twitter, Inc. v. Taamneh*,
598 U.S. 471 (2023)....................10, 18

**Statutes**

18 U.S.C. 1591....................5

18 U.S.C. § 1595(a) ....................5, 6

28 U.S.C. § 1367(c)(3)....................16

N.Y. Soc. Serv. Law § 483-bb ....................1, 2, 3, 5, 15, 16

**Court Rules**

F.R.C.P. 8....................1, 2, 3, 16, 17, 18

Rule 12(b)(6)....................1, 2, 4

**Other Authorities**

*New York Senate Bill No. 672*....................15

Defendant 611 DEGRAW LLC d/b/a UNION HOTEL ("611 Degraw") hereby submits the following Memorandum of Law in Support of its Motion to Dismiss Plaintiff's First Amended Complaint ("FAC," Dkt. 14), pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).

## INTRODUCTION

This case is one of a wave of lawsuits alleging human sex trafficking claims against hotels. Human sex traffickers take advantage of the anonymity and privacy that hotels provide, and hotel guests expect, to exploit and hide their crimes. Yet Plaintiff attempts to use the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA") (18 U.S.C. §§ 1591(a)-(b), 1595(a)) and New York State's parallel statute (N.Y. Soc. Serv. Law § 483-bb) to hold hotels and their corporate owners – not the traffickers– liable for these heinous crimes. Here, Plaintiff alleges 611 Degraw, the former owner of the now-defunct Union Hotel, knowingly benefitted from participation in a sex trafficking venture and had actual or constructive knowledge of Plaintiff's trafficking. But Plaintiff improperly attempts to equate the unavoidable opportunities for criminals to abuse hotel privacy (where lawful sexual activity may occur), with constructive knowledge and participation in a venture, despite the absence of facts supporting either element. *See Doe (J.L.K.) v. Choice Hotels International, Inc.*, 2026 WL 2491413, at *4 (D. Idaho 2026) ("The TVPRA does not penalize some of the conditions under which sex trafficking is more or less likely to occur. And for good reason. There are many factors that, unfortunately, could impact the likelihood of sex trafficking. And, while some factors could be more apparent than others, [defendants] did not participate in sex trafficking just because certain conditions of their general business operations may have made it more likely that sex trafficking could happen on their premises") (internal citations and quotations omitted).

Despite the horror the FAC conjures with allusions to human sex trafficking, it is devoid of any facts linking 611 Degraw to such alleged trafficking. Plaintiff alleges no facts suggesting

611 Degraw knew of Plaintiff's trafficking or acted as anything but a "passive service provider" by allegedly renting hotel rooms to Plaintiff's alleged traffickers. *Mueller v. Deutsche Bank Aktiengesellschaft*, 2026 WL 2220472, at *5 (2d Cir. Aug. 3, 2026). Thus, 611 Degraw seek dismissal of the FAC pursuant to Rule 12(b)(6) because it fails to state a claim under the TVPRA. Specifically, the FAC fails to assert a plausible allegation that 611 Degraw (1) participated in a venture that trafficked Plaintiff and (2) had actual or constructive knowledge of Plaintiff's trafficking. *See Mueller*, 2026 WL 2220472, at *6 (holding "participation in a venture" requires more than legally providing arm's length services); *see also Doe v. Red Roof Inns, Inc.*, 21 F.4th 714, 725 (11th Cir. 2021) (upholding dismissal of TVPRA claims as the complaint failed to allege defendant had actual or constructive notice that the "*venture* – in which it voluntarily participated and from which it knowingly benefitted – violated the *TVPRA as to plaintiff*.") (emphasis added). The FAC in no way connects 611 Degraw's general hotel business to the allegations of sex trafficking. Instead, Plaintiff merely alleges these general hotel services facilitated the alleged sex trafficking. Plaintiff's failure to plausibly allege 611 Degraw knew or should have known of her alleged trafficking is also fatal to her claims under New York Social Services Law § 483-bb, which also requires actual or constructive notice of the trafficking. N.Y. Soc. Serv. Law § 483-bb(c)(i).

611 Degraw also seeks dismissal of the FAC pursuant to Rule 8 because it fails to delineate 611 Degraw's alleged involvement in Plaintiff's alleged sex trafficking at the Union Hotel, as opposed to the other defendants' involvement in Plaintiff's alleged sex trafficking at the Union Hotel or the Gowanus Inn and Yard. The FAC pleads allegations regarding multiple properties and overlapping roles (owner, operator, manager) with duplicative assertions and without allocating specific conduct by each defendant. As the FAC alleges nothing specific as to 611 Degraw, it violates Rule 8 and fails to provide 611 Degraw with fair notice. *Doe (G.N.C.) v. Uniquest*

*Hospitality, LLC*, 2024 WL 4149251, at *5 (S.D.N.Y. Sept. 11, 2024), citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, plaintiff's complaint failed to satisfy [Rule 8's] minimum standard…" (cleaned up).

## BACKGROUND AND SUMMARY OF PLAINTIFF'S ALLEGATIONS

The FAC alleges that in 2016, Plaintiff was a victim of human sex trafficking at the Union Hotel, located at 611 Degraw Street, Brooklyn, New York 11217. Dkt. 14 at ¶ 9 & 16. Generally, she alleges her trafficker coerced her to perform commercial sex services for his benefit. *Id.* at ¶ 18 & 49. She alleges no facts regarding the modus operandi of her alleged trafficker interacting with 611 Degraw. Instead, she alleges generalized allegations of "red flags" of her alleged trafficking, including "constant foot traffic of sex buyers" to her room (*id.* at ¶ 66(a)), walking around the hotel sleep deprived, impaired by drugs and/or alcohol, wearing "sexually explicit clothing," and with "visible bruising" (*id.* at ¶ 66(b)), "signs of commercial sex" in Plaintiff's room (*id.* at ¶ 66(h)), soliciting customers for commercial sex at the hotel (*id.* at ¶ 66(g)), and being subjected to physical and verbal abuse in plain sight and earshot of hotel staff (*id.* at ¶ 66(j)). Without additional details, the FAC also alleges all defendants' staff and employees acted as "lookouts and informants…for the benefit of the trafficker(s)." *Id.* at ¶ 35(d).

611 Degraw ceased ownership of the Union Hotel in November 2023. Upon information and belief, it was foreclosed, placed into receivership, and resold in 2024.

The FAC alleges 611 Degraw, along with codefendant Greenwich Street Equities Ltd. d/b/a Union Hotel owned, operated, managed, and supervised the Union Hotel as a "franchisee." *Id.* at ¶¶ 9 & 10. Based on the alleged trafficking and 611 Degraw's relationship with the Union Hotel, the FAC alleges 611 Degraw is directly liable as a "beneficiary" of Plaintiff's alleged trafficking under the TVPRA (*id.* at ¶ 48) and New York's Social Services Law § 483-bb (*id.* at ¶ 81).

## LEGAL STANDARD

In order to withstand a Rule 12(b)(6) Motion to Dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level…[t]he pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. A plaintiff has an obligation to provide "more than labels and conclusions" in her complaint to withstand at 12(b)(6) motion to dismiss. *Id*.

In *Iqbal v. Ashcroft*, the Supreme Court expounded on its *Twombly* "plausibility" definition, holding "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, 678 (2009). A court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*.; *see also Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020); *McCrain v. Metro. Transp. Auth.*, 2020 WL 1285634, at *19 (S.D.N.Y. Mar. 18, 2020) (dismissing conspiracy claim in the face of conclusory allegations that a conspiracy existed between defendants).

In tandem with Rule 12(b)(6), Rule 8(a) requires a complaint provide the defendant with "fair notice of what the…claim is and the grounds upon which it rests." *Hill v. Katz*, 2025 WL 964094, at *2 (E.D.N.Y. Mar. 31, 2025), quoting *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008). A plaintiff may not "simply lump defendants together for pleading purposes" and "pleadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim." *Hill*, 2025 WL 964094, *supra*.

## ARGUMENT

Plaintiff cannot establish the elements of a trafficking beneficiary claim against 611 Degraw. The TVPRA permits a trafficking victim to bring a civil action against a sex-trafficking perpetrator (as defined in 18 U.S.C. 1591) and "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act of trafficking." 18 U.S.C. § 1595(a). Likewise, New York's Social Services Law § 483-bb permits a victim of sex trafficking to "bring a civil action against…whoever knowingly advances or profits from, or whoever should have known he…was advancing or profiting from, an act in violation of" the criminal statute. *A.A. v. Omnicom Group, Inc.*, 2026 WL 504904, at *22 (S.D.N.Y. Feb. 24, 2026).

The FAC is devoid of factual allegations to establish 611 Degraw participated in a venture that violated the TVPRA/Social Services Law § 483-bb or had actual or constructive notice of Plaintiff's trafficking. Despite 22 pages and 83 paragraphs, the FAC contains no paragraphs specifically describing Plaintiff's alleged trafficking at the Union Hotel. Instead, the entire FAC only contains one paragraph describing general allegations of trafficking without discernment between the Union Hotel or the Gowanus Inn and Yard. Dkt. 14 at ¶ 66. Even if accepted as true, these allegation do not establish 611 Degraw's notice of, or participation in, trafficking under the TVPRA or Social Services Law ¶ 483-bb. 611 Degraw respectfully requests the Court dismiss the FAC.

## POINT I

### 611 DEGRAW CANNOT BE HELD LIABLE AS A "BENEFICIARY" UNDER THE TVPRA

In order to plead a claim for beneficiary liability under the TVPRA, a plaintiff must plausibly allege four elements: (1) she is the victim of an underlying violation of the statute; (2)

the defendant participated in the venture that carried out the violation and caused the victim's injury; (3) the defendant knew or should have known that the venture had engaged in an act that violated the statute; and (4) the defendant knowingly benefitted from, attempted to benefit from, or conspired to benefit from its participation in the venture financially or by receiving anything of value. *Mueller*, 2026 WL 2220472, at *4. Critically, the FAC fails to plausibly allege 611 Degraw participated in a venture involving Plaintiff's alleged trafficking, or that 611 Degraw had actual or constructive knowledge of Plaintiff's alleged trafficking.

### A. The FAC Does Not Plausibly Allege 611 Degraw Participated in a Venture that Criminally Trafficked Plaintiff

The FAC contains no plausible allegations to establish 611 Degraw participated in a venture that violated the TVPRA. Until the Second Circuit issued its Opinion in *Mueller*, there was no binding authority in this district to define the term "participation in a venture" as it applied in the context of TVPRA beneficiary liability. *Id.* ("We begin by defining the statutory phrase 'participation in a venture' for purposes of section 1595(a), which is an issue of first impression for our Court"). In fashioning its definition of "participation in a venture," as "[taking] part in an enterprise or undertaking that involved elements of risk, potential gain, or both" (*id.*) the *Mueller* Court relied on a limited number of appellate opinions that have encountered the same issue, including *Doe 1 v. Apple Inc.*, 96 F.4th 403, 415 (D.C. Cir. 2024) (defining the phrase as "taking part or sharing in an enterprise or undertaking that involves danger, uncertainty, or risk, and potential gain"), *Doe #1 v. Red Roof Inns*, 21 F.4th 714, 726 (11th Cir. 2021) (defining the phrase as "taking part in a common undertaking or enterprise involving risk and potential profit"), and *G.G. v. Salesforce.com*, 76 F.4th 544, 560 (7th Cir. 2023) (defining the phrase as a "continuous business relationship, which gives rise to an inference, drawn in the plaintiff's favor, that the civil defendant facilitated the venture's success").

The *Mueller* Court then drew upon these cases for a set of factors to determine whether a defendant "took part" in an alleged trafficking venture, including (1) whether the defendant owned an interest in the venture; (2) whether the defendant acted with the purpose or desire to promote the venture's success; (3) whether the defendant and the venture otherwise acted with a common purpose; (4) whether the defendant maintained a continuous relationship with the venture; (5) whether the defendant exercised control over the venture's operations; and (6) whether the defendant's association with the venture went beyond a mere arm's-length transaction. *Id*. at *5.

Applying these factors to the facts alleged in *Mueller* (namely that the families of victims of terrorism and sex trafficking alleged the defendant, an international bank, participated in a fundraising scheme to further terrorist activities), the Second Circuit affirmed dismissal of the plaintiffs' complaint, as it failed to plausibly allege the defendant did more than act as a "passive service provider." *Id*. Ultimately, the Court held that "participation in a venture requires more than providing financial services at arm's length." *Id*. at *6. Just as the defendant in *Mueller* provided "ordinary, nondifferentiated financial services" (*id*. at *5), 611 Degraw provided Plaintiff's alleged trafficker with nothing more than the opportunity to rent a hotel room, a legitimate, arm's length transaction. An application of each of the *Mueller* factors demonstrates a lack of plausible allegations that 611 Degraw "participated in a venture" necessary to establish beneficiary liability under the TVPRA or Social Services Law § 483-bb.

First, Plaintiff does not allege (and cannot plausibly allege) that 611 Degraw owned an interest in Plaintiff's alleged sex trafficking or exercised control over the alleged trafficking operation. Those factors would necessarily require allegations that 611 Degraw was a direct perpetrator of Plaintiff's alleged trafficking, which is absent from the FAC. *See* Dkt. 14 at ¶ 48 ("[T]he subject lawsuit is applicable to prong three, i.e. a beneficiary claim against a civil

Defendants [sic]"). Thus, those *Mueller* factors weigh against a finding that 611 Degraw "participated" in the venture that allegedly trafficked Plaintiff.

Second, Plaintiff does not plausibly allege that 611 Degraw acted with the purpose or desire to promote the success of the alleged trafficking venture or that 611 Degraw and Plaintiff's alleged trafficker acted with a common purpose. Plaintiff merely alleges that 611 Degraw's operation of the Union Hotel, which included renting rooms to her trafficker "was an enterprise involving risk and potential profit" (*id.* at ¶ 59) and that such "violated the TVPRA as to the Plaintiff herein. *Id.* at ¶ 60. But these are conclusory allegations that the *Mueller* Court similarly dismissed:

> That Deutsche Bank charged fees as consideration for providing standard financial services, or even charged risk-adjusted fees to particular customers, does not indicate a purpose on its part to promote its customers' businesses or represent an interest therein…Nor does the mere fact that Deutsche Bank exposed itself to such risks by processing the transactions at issue in this case show that Deutsche Bank was seeking to promote the venture as opposed to merely enriching itself.

*Mueller*, 2026 WL 2220472, at *6.

Nothing within the FAC is "reasonably inferable that the motel operator and trafficker were working together to force plaintiff to serve their business objective." *K.H. v. Riti, Inc.*, 2024 WL 505063, at *3 (11th Cir. Feb. 9, 2024). The FAC's threadbare and oft-repeated catchphrase of "common undertaking or enterprise" falls far short of plausible allegations of a "participation in a venture."

At most, the FAC alleges that 611 Degraw's employees and staff acted as "lookout(s)/informant(s) for Plaintiff's trafficker(s), while acting in the scope of employment, so as to inform the trafficker(s) of police activity or other similar type alerts." Dkt. 14 at ¶¶ 35(d), 56, and 70(d). Despite the fact that these allegations are bald, conclusory, and unaccompanied by factual detail (*see Mueller*, 2026 WL 2220472, at *6 ("[W]e are unconvinced by Plaintiffs'

conclusory allegations that…because some of Deutsche Bank's employees participated in the Azizi Cell's VAT fraud scheme, Deutsche Bank itself participated in a terrorism fundraising venture") (cleaned up)), these allegations cannot imputed participation in the alleged trafficking venture onto 611 Degraw because such conduct is plainly outside the scope of employment. *Girden v. Sandals, Intern., Ltd.*, 206 F. Supp. 2d 605 (S.D.N.Y. 2002), *aff'd.*, 67 Fed. Appx. 27 (2d Cir. May 29, 2003) (holding an employee's commission of a sexual assault was beyond the scope of employment and could not be imputed onto the employer). Here, there are no allegations that 611 Degraw's owners or corporate officials made efforts to conceal the alleged trafficking scheme from police or received payment for such efforts, and thus allegations of such conduct by hotel employees necessarily are for personal motives and not on behalf of 611 Degraw. *Cf. Doe 1 v. Deutsche Bank Akteingesellschaft*, 671 F. Supp. 3d 387, 405-06 (S.D.N.Y. 2023) (holding allegations that bank officials advised Jeffrey Epstein and his associates on how to structure cash withdrawals to avoid scrutiny went "well beyond" routine banking services). Thus, these *Mueller* factors also weigh against a finding that 611 Degraw "participated" in the venture that allegedly trafficked Plaintiff.

Last, there are no plausible allegations that 611 Degraw's "association" with the alleged trafficking venture went beyond a mere arm's length transaction. The FAC merely alleges that 611 Degraw "participated in a venture by operating the [Union Hotel] that rented rooms to individuals that [611 Degraw] knew or should have known were involved in sex-trafficking…" Dkt. 14 at ¶ 56. Yet when stripped of all conclusory allegations, the thrust of the FAC is that 611 Degraw rented rooms to Plaintiff's alleged trafficker, who in turn used the room to promote his trafficking venture, including Plaintiff's alleged trafficking. Thus, 611 Degraw at most provided the rental of a hotel room to Plaintiff's alleged trafficker, a legitimate business transaction, which is not grounds

to establish participation in a venture and is not a tacit agreement to conspire with criminals to engage in sex trafficking. *See Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018) (holding that the mere participation in legitimate business activities with a trafficker does not amount to participation in the trafficker's criminal venture); *Lawson v. Rubin*, 2018 WL 2012869, at *13-14 (S.D.N.Y. Apr. 29, 2018) (holding lease agreement between penthouse condominium owner and purported sex trafficker insufficient to establish owner's knowledge of sex trafficking or liability under TVPRA). The *Mueller* Court applied this same analysis to Deutsche Bank's alleged interaction with ISIS terrorists:

> Deutsche Bank merely provided routine financial services [to ISIS-controlled banks] for the purpose of furthering *its* business. That is, Deutsche Bank's posture with respect to the Iraqi banks was one of a passive service provider, not a co-venturer…Plaintiffs nonetheless stress that ISIS's fundraising activities could not have succeeded as they did without access to Deutsche Bank's financial services. But ISIS's need for financial services, no matter how great, does not mean that Deutsche Bank took part in the group's fundraising ventures any more than a utility company takes part in its customers' businesses by satisfying their essential demand for electricity.

*Mueller*, 2026 WL 2220472, at *5-6.

Based on the FAC, 611 Degraw did nothing more than provide a room rental to Plaintiff's alleged trafficker. Any argument that Plaintiff's alleged trafficking necessarily depended on the room rental collapses under the *Mueller* Court's analysis, *supra*. Even the Supreme Court has cautioned against expanding secondary liability, "lest mostly passive actors like banks become liable for all of their customers' crimes by virtue of carrying out routine transactions." *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 491 (2023). The Court held that if secondary liability is "taken too far, then ordinary merchants could become liable for any misuse of their goods and services, no matter how attenuated their relationship with the wrongdoer." *Id*. 489.

At best, these allegations are akin to continuous passive facilitation, which is insufficient to establish the "participation in a venture" prong of beneficiary liability under the TVPRA. *See Doe v. Deutsche Bank A.G.*, 671 F. Supp. 3d 387, 406 (S.D.N.Y. 2023) ("Participation requires specific conduct that furthered the sex trafficking venture…more than just passive facilitation, but some level of active engagement") (internal quotations and citations omitted); *see also Doe v. Red Roof Inns, Inc.*, 21 F.4th at 727 ("observing something is not the same as participating in it"); *A.G. v. Northbrook Industries, Inc.*, 171 F.4th 1257, 1269 (11th Cir. 2026) ("[S]ome courts have erroneously concluded that the provision of standard commercial services to traffickers, when paired with knowledge of their activities, adds up to participation in a venture") (internal quotations omitted). Because the *Mueller* factors overwhelmingly establish 611 Degraw's role as a passive service provider who (even as alleged) engaged in nothing more than arm's-length transactions with Plaintiff's alleged trafficker, Plaintiff cannot plausibly allege that 611 Degraw "participated in a venture" that trafficked Plaintiff in violation of the TVPRA. *Mueller*, 2026 WL 2220472, at *6 ("Nor does the mere fact that Deutsche Bank exposed itself to such risks by processing the transactions at issue in this case show that Deutsche Bank was seeking to promote the venture as opposed to merely enriching itself"). Thus, 611 Degraw respectfully requests the Court dismiss the FAC.

**B. The FAC Does Not Plausibly Allege 611 Degraw Knew or Should have Known of Plaintiff's Trafficking.**

Another essential element to impose beneficiary liability under the TVPRA is that the defendant knew or should have known of the Plaintiff's trafficking. *Doe v. Red Roof Inns, Inc.*, 21 F.4th at 718. Facts to support this element are plainly missing from the FAC. First, Plaintiff alleges that sex trafficking occurred at the Union Hotel before Plaintiff's alleged trafficking. Dkt. 14 at ¶ 23. This allegation is unsupported by factual detail. Moreover, such an allegation is insufficient to

establish liability under the TVPRA, because at most it alleges general knowledge of trafficking, as opposed to *Plaintiff's* alleged trafficking. *A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 938 (D. Or. 2020) ("General knowledge of commercial sex activity occurring at hotels across the United States is insufficient on its own to demonstrate Defendants participated in the trafficking of Plaintiff."); *J.L. v. Best Western Int'l, Inc.*, 521 F. Supp. 3d 1048, 1064 (D. Colo. 2021) (holding same; *J.M. v. Choice Hotels Int'l, Inc.*, 2022 WL 10626493, at *5 (E.D. Cal. Oct. 18, 2022) (holding same); *Doe v. 42 Hotel Raleigh, LLC*, 717 F. Supp. 3d at 473 ("Courts have routinely held, even at the pleading stage, that general allegations of sex trafficking in the hotel industry…do not impute constructive knowledge as required here."); *see also S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 154 (E.D.N.Y. 2020) ("knowledge…of a general sex trafficking problem in [] lodgings does not satisfy the mens rea requirements of the TVPRA"); *C.C. v. H.K. Grp. of Co., Inc.*, 2022 WL 467813, at *4 (N.D. Ga. Feb. 9, 2022) ("At most, Plaintiff's complaint contains conclusory allegations that claim Defendants observed and/or had actual or constructive knowledge of the illegality of sex trafficking allegedly occurring in its hotels."); *H.G. v. Inter-Continental Hotels Corp.*, 489 F. Supp. 3d 697, 705 (E.D. Mich. 2020) ("knowledge or willful blindness of a general sex trafficking problem…does not satisfy the *mens rea* requires of a claim under the financial beneficiary prong.

Plaintiff anchors her allegation that 611 Degraw (improperly lumped in with all defendants) had constructive notice of her alleged trafficking on paragraph 66 of the FAC, listing vague, conclusory, and non-specific instances of unsavory activity. *See, e.g.*, Dkt. 14 at ¶ 66(d) ("[I]nside the hotel(s) room(s) rented by the trafficker(s) (or at the direction of the trafficker(s)) there was a suspicious bunch of people and suspicious items including cash, drugs, drug paraphernalia, condoms, lubricants which was observed by housekeeping staff and in plain sight

of housekeeping staff"); *id*. at ¶ 66(h) ("Plaintiff's room exhibited signs of commercial sex work"); *id*. at ¶ 66(i) ("[L]oud noise and yelling emanating from room where sex trafficking of Plaintiff was occurring").

These allegations on their face are, at most, akin to prostitution and not actionable under the TVPRA. *Doe v. 42 Hotel Raleigh, LLC*, 717 F. Supp. 3d at 473; *J.L.K.*, 2026 WL 2491413, at *3 ("[K]nowledge of prostitution is not equivalent to knowledge of trafficking…"). Nothing in the FAC demonstrates 611 Degraw was faced with similar open and obvious signs of sex trafficking. Plaintiff uses the catchphrase of "force, fraud and coercion" in paragraph 66(k) of the FAC, but none of the allegations within that paragraph provide sufficient detail to link her alleged trafficking with what 611 Degraw employees might have observed. *See*, *e.g.*, Dkt. 14 at ¶ 66(k)(5) ("[I]ntermittent screaming from room(s) where trafficking of Plaintiff occurred sufficiently loud to be heard by staff outside of room"); *id*. at ¶ 66(k)(3) ([P]hysical and/or verbal abuse occurring in common areas of the subject hotels in view and/or earshot of staff of Defendants; *id*. at ¶ 66(l) ("[O]ther commonly known sex trafficking red flags which the above captioned Defendants knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel(s)").

At most, the FAC alleges Plaintiff was engaged in prostitution, but does not directly connect her alleged commercial sex activity with allegations of fraud, force, or coercion. *See Doe v. 42 Hotel Raleigh, LLC*, 717 F. Supp. 3d 464, 469 (E.D.N.C. 2024) ("Defendants' motions thus draw a crucial distinction: that prostitution and sex trafficking by force or fraud are not coterminous."); *see also A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 941 (D. Or. 2020) ("[T]he vague allegations fail to show the hotels knew or should have known that Plaintiff was engaging in commercial sex **as a result of fraud, force, or coercion**.") (emphasis added).

Thus, Plaintiff has "failed to connect the dots" between her alleged sex trafficking and 611 Degraw' operation of the Hotel. *K.B. v. Inter-Continental Hotels Corp.*, 2020 WL 8674188, at *5 (D.N.H. Sept. 28, 2020); *E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420, 428 – 29 (N.D. Tex. 2021) (holding complaint failed to establish "participation in a venture" element as it contained no allegations supporting a "reasonable inference connecting" hotel brands to the alleged sex trafficking venture); *C.C.*, 2022 WL 467813, at *4 ("By failing to allege a common undertaking – between Defendants and the alleged traffickers – involving risk and or profit, Plaintiff's allegations do not support a TVPRA civil claim…"). These allegations, without more, "unjustifiably bridges the scienter gap between 'should have known' and 'might have been able to guess.'" *S.J.*, 473 F. Supp. 3d at 154; *see also K.O. v. G6 Hospitality, LLC*, 728 F. Supp. 3d 624, 662 (E.D. Mich. 2024) ("While the provided facts may have allowed staff at the ESA-branded hotels to guess or assume that K.O. was associated with sex trafficking, they are insufficient to indicate that staff should have known of this specific trafficking venture") (internal quotations omitted).

Plaintiff has failed to set forth nonconclusory allegations that 611 Degraw had actual or constructive knowledge of her sex trafficking. She fails to offer specific allegations that any sex trafficking or TVPRA violations occurred at the Union Hotel. Since Plaintiff has not indicated, in unambiguous terms, what kind of TVPRA violation occurred at the Union Hotel in 2016, she has not plausibly alleged 611 Degraw knew of the trafficking or participated in a venture that engaged in it. Instead, she alleges 611 Degraw was willfully blind to her trafficking at the Union Hotel. Dkt 14 at ¶¶ 32 & 34. Yet there are no allegations, let alone plausible allegations, establishing the "willful blindness" standard, which require facts that 611 Degraw (1) "subjectively believe[d] that there [wa]s a high probability that" sex trafficking was occurring at the Union Hotel and (2) took "deliberate actions to avoid learning of that fact." *Glob-Tech Appliances, Inc. v. SEB S.A.*, 563

U.S. 754, 769 (2011). As there are no plausible allegations to establish 611 Degraw's notice of Plaintiff's sex trafficking, the Court should dismiss the FAC.

**POINT II**

**611 DEGRAW CANNOT BE HELD LIABLE AS A "BENEFICIARY" UNDER NEW YORK SOCIAL SERVICES LAW § 483-BB**

As the FAC fails to plausibly allege that 611 Degraw had notice of Plaintiff's alleged trafficking at the Union Hotel, any claims for liability under New York's Social Services Law § 483-bb must fail. *See* Point I.B, *supra*. The statute permits a victim of sex trafficking to bring a civil action against the perpetrator (which Plaintiff does not allege here) or "whoever knowingly advances or profits from, or whoever should have known he or she was advancing or profiting from" the alleged trafficking. N.Y. Soc. Serv. Law § 483-bb(c)(i). The New York federal courts have scantly addressed this statute in the context of sex trafficking, and none appear to have addressed the minimum requirements to plead beneficiary liability under the statute. Notwithstanding, the statute requires Plaintiff to plausibly allege the defendant had actual or constructive notice of the trafficking; otherwise, the statute would fail in its legislative purpose to disincentivize human trafficking. *See 2021 New York Senate Bill No. 672, New York Two Hundred Forty-Fourth Legislative Session* ("Human trafficking is a heinous crime that should be disincentivized in every way possible"). Because the FAC does not plausibly allege 611 Degraw knew or should have known it was profiting from Plaintiff's alleged trafficking, Plaintiff has no cognizable cause of action under Section 483-bb.

Further, under 28 U.S.C. § 1367(c)(3), the Court may (and should) decline to exercise supplemental jurisdiction over this state law claim if it dismisses Plaintiff's TVPRA claim. *Id.* ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if…the district court has dismissed all claims over which it has original

jurisdiction"); *see Otis v. Combs*, 2026 WL 42492, at *6 (S.D.N.Y. Jan. 7, 2026), quoting *Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 123 (2d Cir. 2006) ("The Second Circuit takes a particularly strong view that district courts should decline to exercise supplemental jurisdiction in the absence of a 'clearly articulated federal interest'").

**POINT III**

**THE FAC DOES NOT DISCERN ALLEGATIONS AGAINST ANY SPECIFIC DEFENDANT**

Notwithstanding Plaintiff's failure to allege plausibly that 611 Degraw participated in Plaintiff's alleged trafficking venture or had knowledge of the alleged trafficking, the FAC violates Federal Rule of Civil Procedure 8 by failing to delineate allegations specific to Plaintiff's alleged trafficking at the Union Hotel. Aside from alleging that 611 Degraw was a hotel "owner" and "franchisee," it identically alleges 611 Degraw and Greenwich Street Equities operated, managed, and supervised the Union Hotel. Dkt. 14 ¶¶ 9 & 10. More importantly, the FAC makes no attempt to discern Plaintiff's alleged trafficking at the Union Hotel from her alleged trafficking at the Gowanus Inn and Yard, a separate and distinct hotel. From the "Facts" section of the FAC onward, which includes the allegations giving rise to Plaintiff's causes of action and the causes of action themselves, Plaintiff continuous refers to all defendants collectively. Other than paragraph 9, there is not a single allegation specific to 611 Degraw in the FAC. Thus, Plaintiff cannot reasonably give 611 Degraw fair notice of the grounds upon which her claims rest. The FAC parallels the complaint the plaintiff filed in *G.N.C.*, in which the plaintiff alleged three corporate entities owned, operated, controlled, managed, and supervised a hotel where she was allegedly trafficked. *G.N.C.*, 2024 WL 4149251, at *5. In dismissing the complaint against these defendants, the Court held:

> The SAC's undifferentiated allegations of involvement do not plausibly allege that during the 30-day period alleged any one of the three defendants knew or should have know that a venture in which they were a participant was trafficking Doe at the Hotel

> Pennsylvania. By merely lumping Vornado Realty Trust, Vornado Realty L.P., and 401 Hotel TRS LLC together as the Hotel Pennsylvania defendants and failing to describe their roles in the Hotel Pennsylvania, the SAC fails to plausibly allege that any of the three defendants knew or should have known Doe was being trafficking at the Hotel Pennsylvania during the 30-day period alleged, and the beneficiary liability claim fails.

*Id*. (cleaned up).

A cursory review of the FAC shows that the pleadings are "shotgun" in nature and "simply lump defendants together" without discerning specific conduct by any particular defendant. *Ramirez v. E.N. Home Improvement Inc.*, 2026 WL 432310, at *4 (E.D.N.Y. Feb. 16, 2026) ("[I]t is well established in this Circuit that plaintiffs cannot simply lump defendants together for pleading purposes"). Here, Plaintiff makes no attempt to distinguish her alleged trafficking at either hotel, let along what role any of the defendants allegedly played in it. *See A.D. v. Cavalier Mergersub LP*, 2022 WL 4357989, at *2 (M.D. Fla. Sept. 20, 2022) (dismissing TVPRA complaint for violating Rule 8 because it "at times commingles factual allegations against all Defendants and fails to specify which of the defendants are responsible for which acts or omissions"); *A.B.*, 484 F. Supp. 3d at 943-44 ("To Defendants' point, the allegations describing the sex trafficking of Plaintiff are collectively plead against all Defendants and do not contain a high level of specificity as to what occurred at each hotel property"). Because the FAC provides no factual detail about Plaintiff's alleged trafficking at either the Union Hotel or the Gowanus Inn and Yard, but rather couches her allegations in general and unspecific facts, 611 Degraw respectfully requests the Court dismiss the FAC for violating Rule 8.

## CONCLUSION

Plaintiff has failed to state a cause of action against 611 Degraw as a "beneficiary" of Plaintiff's alleged trafficking. The FAC does not plausibly allege 611 Degraw participated in a venture that involved Plaintiff's trafficking or that 611 Degraw had actual or constructive

knowledge of the trafficking to establish "beneficiary" liability under the TVPRA or New York's Social Services Law. Plaintiff has also engaged in shotgun pleadings by corralling all defendants into a uniform set of allegations regarding alleged trafficking at two distinct hotels, with no effort to delineate facts specific to either hotel or any defendant.

The FAC essentially requires the hotel industry to be responsible for preventing the global crime of human sex trafficking. But several district courts have expressly disavowed the construction that "Congress imposed duties upon business to affirmatively prevent sex trafficking on their hotel properties" or that "hotels (and other businesses or professional possibly earning money from trafficking)" are required "to affirmatively stop [sex] trafficking." *A.B. v. Marriott International, Inc.*, 455 F. Supp. 3d 171, 182 (E.D. Pa. 2020); *accord B.M. v. Wyndham Hotels & Resorts, Inc.*, 2020 WL 4368214, at *7 (N.D. Cal. July 30, 2020) ("To be clear, the Court does not read section 1595 of TVPRA [to] requir[e] hotels or their franchisors to affirmatively stop sex trafficking."); *see also Twitter*, 598 U.S. at 491 ("[I]naction cannot create liability as an aider and abettor absent a duty of act") (internal quotations omitted).

The FAC fails to provide 611 Degraw with specific allegations of negligence or statutory misconduct, which prevents 611 Degraw from asserting meaningful defenses other than general denials to the allegations. For the foregoing reasons, 611 Degraw respectfully request the Court dismiss the FAC with prejudice.

Dated: New York, New York
September 16, 2026

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Corey Shulman
Karen L. Campbell, Esq., SB# 2184018
Corey L. Shulman, Esq., SB# 5295589
140 Broadway, 31st Floor
New York, New York 10005
Telephone: 212.232.1300
Karen.Campbell@lewisbrisbois.com
Corey.Shulman@lewisbrisbois.com
*Attorneys for Defendant*
611 Degraw LLC d/b/a Union Hotel

**WORD COUNT CERTIFICATION**

In accordance with Local Rule 7.1(c), the undersigned hereby certifies that this Memorandum of Law in Support of Defendant's Motion to Dismiss does not exceed 8,750 words and does not exceed 25 pages, excluding the caption, table of contents, table of authorities, signature block, and required certificates.

*/s/ Corey Shulman*
Corey Shulman

**CERTIFICATE OF SERVICE**

In accordance with Rule VII.B.1 of the Honorable Joseph Marutollo's Individual Practices and Rules, the undersigned hereby certifies that a true and accurate copy of the foregoing was served upon all counsel of record via electronic mail this 16th day of September, 2026.

*/s/ Corey Shulman*
Corey Shulman