UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| V.J.<br><br>Plaintiff,<br><br>-against-<br><br>611 DEGRAW LLC d/b/a UNION HOTEL, GREENWICH STREET EQUITIES LTD. d/b/a UNION HOTEL, d/b/a GOWANUS INN AND YARD and 645-651 UNION INVESTOR, LLC d/b/a GOWANUS INN AND YARD,<br><br>Defendants. | Case No. 1:25-cv-02927-OEM-JAM |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT 611 DEGRAW LLC d/b/a UNION HOTEL'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..... ii, iii

INTRODUCTION ..... 1

ARGUMENT ..... 2

POINT I PLAINTIFF'S ALLEGATION THAT 611 DEGRAW EMPLOYEES ACTED AS "LOOKOUTS" IS CONCLUSORY ..... 2

POINT II PLAINTIFF DOES NOT PLAUSIBLY ALLEGE 611 DEGRAW PROVIDED MORE THAN ORDINARY HOTEL SERVICES ..... 4

POINT III PLAINTIFF DOES NOT PLAUSIBLY ALLEGE 611 DEGRAW HAD NOTICE OF HER ALLEGED TRAFFICKING ..... 6

POINT IV IF THE COURT DISMISSES PLAINTIFF'S TVPRA CLAIM, IT SHOULD DECLINE TO EXTEND SUPPLEMENTAL JURISDICTION OVER THE NEW YORK SOCIAL SERVICES LAW CLAIM ..... 7

POINT V THE FAC CONTAINS IMPERMISSIBLY SWEEPING AND IDENTICAL ALLEGATIONS AGAINST ALL DEFENDANTS ..... 8

CONCLUSION ..... 10

## TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*A.B. v. Interstate Management Company, LLC*,
746 F. Supp. 3d 997 (D. Or. 2024) ....................3

*A.B. v. Marriott International, Inc.*,
455 F. Supp. 3d 171 (E.D. Pa. 2020) ....................6

*Arista Records, LLC v. Doe*,
604 F.3d 110 (2d Cir. 2010)....................3

*Catelyn H. v. G6 Hospitality, LLC*,
2025 WL 929032 (D. Nev. Mar. 26, 2025) ....................8

*City of Pontiac Police and Fire Retirement System v. BNP Paribas Securities Corp.*,
92 F. 4th 381 (2d Cir. 2024) ....................9

*Doe (O.B.J.) v. Inter-Continental Hotels Group, Inc.*,
2026 WL 2969927 (S.D.N.Y. Oct. 2, 2026)....................1, 2, 3, 4, 5

*H.H. v. G6 Hospitality*,
2019 WL 6682152 (S.D. Ohio Dec. 6, 2019) ....................7

*Harris v. NYU Langone Med. Ctr.*,
2013 WL 3487032 (S.D.N.Y. July 9, 2013) ....................9

*J.G. v. Northbrook Industries, Inc.*,
619 F. Supp. 3d 1228 (N.D. Ga. 2022) ....................3

*K.O. v. G6 Hospitality, LLC*,
728 F. Supp. 3d 624 (E.D. Mich. 2024)....................7

*M.A. v. Wyndham Hotels & Resorts, Inc.*,
425 F. Supp. 3d 959 (S.D. Ohio 2019) ....................6

*Molchonova v. FirstBank Puerto Rico*,
2026 WL 3072727 (S.D.N.Y. Oct. 14, 2026)....................5, 6

*Mueller v. Deutsche Bank Ankteingesellschaft*,
185 F.4th 307 (2d Cir. 2026) ....................4

*Olabopo v. Gomes*,
2016 WL 5477586 (E.D.N.Y. Sept. 29, 2016) ....................8

*Ricchio v. McLean*,
853 F.3d 553 (1st Cir. 2017) .......................................................................................4, 5

*Ritchie v. Northern Leasing Systems, Inc.*,
14 F. Supp. 3d 229 (S.D.N.Y. 2014) ........................................................................................9

*Roseberry v. Studio 6 Delk Road, LLC*,
815 F. Supp. 3d 1325 (N.D. Ga. 2025) .....................................................................................3

*S.J. v. Choice Hotels, International, Inc.*,
473 F. Supp. 3d 147 (E.D.N.Y. 2020) .......................................................................................8

*Sapp v. Combs*,
2026 WL 3372227 (S.D.N.Y. Nov. 6, 2026) ..............................................................................8

*In re Zinc Antitrust Litigation*,
155 F. Supp. 3d 337 (S.D.N.Y. 2016) ........................................................................................9

**Statutes**

U.S.C. § 1367(a) ...........................................................................................................................8

New York's Social Services Law § 483-bb ............................................................................2,7, 8,10

**Court Rules**

Federal Rules of Civil Procedure 12(b)(6) ................................................................................1

Federal Rules of Civil Procedure ...........................................................................................2, 8, 10

Defendant 611 DEGRAW LLC d/b/a UNION HOTEL ("611 Degraw") hereby submits the following Memorandum of Law in reply to Plaintiff's Response in opposition and in further support of its motion under Federal Rules of Civil Procedure 8 and 12(b)(6) to Dismiss Plaintiff's First Amended Complaint ("FAC," Dkt. 14).

**INTRODUCTION**

Plaintiff anchors her entire opposition (and to a larger extent, the FAC) to a central allegation: that 611 Degraw's staff "worked with the trafficker as police lookouts." Pl. Mem. at p. 5; Dkt. 14 at ¶¶ 35(d), 56, and 70. Relying on the recent case *Doe (O.B.J.) v. Inter-Continental Hotels Group, Inc.*, 2026 WL 2969927 (S.D.N.Y. Oct. 2, 2026) (which she simultaneously argues is sufficient to defeat 611 Degraw's motion yet should also be ignored as an "unpublished, district court opinion from another district") (Pl. Mem. at p. 9), Plaintiff argues her sole "lookout" allegation establishes "participation in a venture" under the TVPRA. It does not. Specifically, the "lookout" allegation is unaccompanied by facts alleging what any 611 Degraw employee said or did, how they communicated with the alleged trafficker, what police activity was reported, if any, or any other conduct supporting that characterization. Thus, the "lookout" allegation is nothing more than a label, which is not a substitute for facts plausibly linking 611 Degraw to conduct in furtherance of the alleged trafficking.

The same distinction applies to notice. The FAC alleges that abuse occurred "in plain view and/or earshot" of hotel staff (*id.* at ¶ 66(j)-(k)), while Plaintiff's opposition asserts that 611 Degraw staff actually "saw" and "heard" the alleged abuse. Pl. Mem. at p. 14. Those are materially different allegations, as the FAC does not allege that any employee actually observed an injury, heard an altercation, received a plea for help, or otherwise had reason to believe Plaintiff was an alleged victim of human trafficking. There is a critical difference between alleging what 611 Degraw's employees saw or heard and alleging what Plaintiff *believes* those employees *should*

*have* seen or heard. As these allegations lack factual support, Plaintiff's TVPRA claim should be dismissed.

Plaintiff's New York Social Services Law claim independently fails for similar pleading deficiencies. Alternatively, if the Court is inclined to dismiss Plaintiff's TVPRA claim, it should decline to extend supplemental jurisdiction over her state-law claim.

Finally, the FAC violates Rule 8. The FAC repeatedly attributes identical conduct to all "Defendants" without identifying what 611 Degraw allegedly did, as distinct from the operators and owners of the Gowanus Inn & Yard.

## ARGUMENT

### POINT I

### PLAINTIFF'S ALLEGATION THAT 611 DEGRAW EMPLOYEES ACTED AS "LOOKOUTS" IS CONCLUSORY

Plaintiff repeatedly argues that because she alleges 611 Degraw employees acted as "police lookouts" for her alleged trafficker, she has sufficiently alleged that 611 Degraw participated in her trafficking venture. *See* Pl. Mem. generally. Although in portions of her opposition she argues that *O.B.J.* is an "unpublished, district court opinion from another district," (*id.* at p. 9) she nonetheless espouses the *O.B.J.* Court's *dicta* that "[a]llegations, for example, that agents of the hotel worked directly with traffickers by serving as lookout for the police…could show or at least plausibly suggest that a hotel and a trafficker engaged in a shared enterprise or common undertaking." *O.B.J.*, 2026 WL 2969927, at *7. That observation, however, does not make the word "lookout" independently sufficient to establish a plausible TVPRA claims. Plaintiff must plead facts to distinguish a plausible claim from a label or conclusion.

Two comparative cases, *Roseberry v. Studio 6 Delk Road, LLC*, 815 F. Supp. 3d 1325 (N.D. Ga. 2025) and *J.G. v. Northbrook Industries, Inc.*, 619 F. Supp. 3d 1228 (N.D. Ga. 2022)

are instructive. In *Roseberry*, the Court found plaintiff's allegation of "participation in a venture" plausible because in addition to alleging that defendant's employees acted as lookouts, the plaintiff also alleged defendant's employees "frequently disposed of and destroyed evidence of sex trafficking, exchanged rooms at the Motel for sex with other sex trafficking victims there, and allowed traffickers to rent rooms on credit so they could use them to traffic Plaintiffs and then pay for rooms afterward." *Roseberry*, 815 F. Supp. 3d at 1332. In *J.G.*, the plaintiff did more than allege defendant's employees acted as "lookouts"; she specifically alleged defendant's employees informed the traffickers of police activity at the hotel and warned plaintiff's traffickers about guest complaints. *J.G.*, 619 F. Supp. 3d at 1236.

Plaintiff's allegations here are neither as specific nor comprehensive as those in *Roseberry* or *J.G.* The FAC repeatedly uses the labels of "lookouts and informants" (Dkt. 14 at ¶¶ 35(d), 56, and 70) without providing allegations of "specific conduct" linking 611 Degraw's employees "to the advancement of the sex trafficking operation." *A.B. v. Interstate Management Company, LLC*, 746 F. Supp. 3d 997, 1007 (D. Or. 2024). The Court should not interpret *O.B.J.* as permitting TVPRA plaintiffs to circumvent the need for specific allegations by using the term "police lookout" as a master phrase. Nowhere in the instant motion does 611 Degraw demand Plaintiff identify hotel employees by name or dates upon which the employees made this purported agreement with her alleged trafficker. But contrary to Plaintiff's argument, "the remaining details" extend far beyond "the names of employees who acted as lookout" [sic] and are not within 611 Degraw's exclusive possession or control. Pl. Mem. at p. 10, citing *Arista Records, LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010). If Plaintiff believes that 611 Degraw's staff acted as "police lookouts," she should be able to allege conversations or conduct that led her to draw the conclusion.

Otherwise, this allegation does not rise above the "speculative level" to make her claim plausible. *Id*.

**POINT II**

**PLAINTIFF DOES NOT PLAUSIBLY ALLEGE 611 DEGRAW PROVIDED MORE THAN ORDINARY HOTEL SERVICES**

Plaintiff also argues that she has plausibly alleged 611 Degraw "participated" in her trafficking because her alleged traffickers "renewed their room every day and paid with the proceeds of Plaintiff's trafficking." Pl. Mem. at p. 8. But these are the precise allegations the *O.B.J.* Court rejected in dismissing the plaintiff's complaint because they only alleged ordinary hotel services provided to any other customer. *O.B.J.*, 2026 WL 2969927, at *6. Again, Plaintiff rejects *O.B.J.* in this specific instance as an "unpublished, district court opinion from another district." Pl. Mem. at p. 9. Besides picking and choosing when to rely on *O.B.J.* and when to reject it, Plaintiff fails to acknowledge that this analysis was borne from *Mueller v. Deutsche Bank Ankteingesellschaft*, 185 F.4th 307 (2d Cir. 2026), a binding appellate authority. *See O.B.J.*, 2026 WL 2969927, at *6, citing *Mueller*, 185 F.4th at 313 ("[A] plaintiff must plead facts – beyond the existence of a series of ordinary, non-customized transactions by an otherwise legitimate business – that suggest the defendant took part in an enterprise or undertaking with a trafficker." (cleaned up).

Plaintiff conflates the TVPRA's notice element with participation (*see* Pl. Mem. at p. 9 ("Knowingly taking money to provide the venue for a woman to be sex-trafficked is inherently different than provided banking transaction services or electricity")),while precisely denying she has done so. *Id*. ("Knowledge alone does not establish participation."). Plaintiff's reliance on *Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017) is misguided, as the allegations of "participation" in *Ricchio* were far more specific and detailed than here. In reversing the District of Massachusetts

and denying the defendants' motions to dismiss, the First Circuit relied on these facts to establish that plaintiff plausibly alleged "participation in a venture":

> McLean and Mr. Patel [owner of the hotel along with his wife, Mrs. Patel] enthusiastically expressed [the intent to profit from sex trafficking] by exchanging high-fives in the motel's parking lot while speaking about "getting this this going again," in circumstances in which McLean's coercive and abusive treatment of Ricchio as a sex slave had become apparent to the Patels. Ms. Patel not only nonchalantly ignored Ricchio's plea for help in escaping from McLean's custody at the motel but, when visiting the rented quarters to demand further payment, had shown indifference to Ricchio's obvious physical deterioration. And in plain daylight view of the front office of the motel, either of the Patels on duty there would have seen McLean grab Ricchio, kick her, and force her back toward the rented quarters when she had tried to escape.

*Id*. at 555. The allegations in the FAC fall far short of the detailed allegations in *Ricchio*. Plaintiff alleges no facts that 611 Degraw employees or the hotel owner permitted her alleged trafficking to occur at the Union Hotel for the purposes of the hotel's financial benefit. Nor does Plaintiff allege that 611 Degraw employees ignored requests for help. As the Court held in *O.B.J.*, "those allegations were far stronger than just an operator renting rooms to a trafficker." *O.B.J.*, 2026 WL 2969927 at *6.

Plaintiff's reliance on *Molchonova v. FirstBank Puerto Rico*, 2026 WL 3072727 (S.D.N.Y. Oct. 14, 2026) also misses the mark. *Molchonova*, which analyzed a bank's alleged profiteering from trafficking perpetrated by notorious financier Jeffrey Epstein, looked to the defendant's decision to conduct business with Epstein in the face of "extreme 'red flags' that ultimately led every other bank to drop him as a client." *Id.* at *5. The problem with this comparison is that Plaintiff's alleged trafficker did not have Jeffrey Epstein's notoriety. There is nothing alleged within the FAC to suggest the New York City hotel industry had awareness of Plaintiff's alleged trafficker's conduct, unlike the financial industry's "apparent consensus…not to provide banking services to someone whose grotesque misconduct was becoming ever more obvious." *Id.* 611

Degraw in no way means to make light of or belittle Plaintiff's allegations; it is only to say that *Molchonova* involves allegations of sex trafficking by an infamous individual enmeshed within the relatively small financial community. Such is not the case here.

Apart from Plaintiff's allegation that 611 Degraw employees "acted as police lookouts," which 611 Degraw readily addressed in Point I, *supra*, the FAC does not plausibly allege 611 Degraw offered more than standard hotel room rentals. Thus, Plaintiff cannot establish 611 Degraw "participated" in her alleged trafficking, and dismissal of the Complaint is warranted.

## POINT III

## PLAINTIFF DOES NOT PLAUSIBLY ALLEGE 611 DEGRAW HAD NOTICE OF HER ALLEGED TRAFFICKING

Plaintiff argues that she has adequately alleged 611 Degraw's constructive notice of her alleged trafficking because hotel staff "saw visible bruising and overt physical deterioration," "saw or heard traffickers physically and verbally abuse her and overtly control her in the hotel's common areas," and "heard screaming from her room…" Pl. Mem. at p. 14. But this is not precisely alleged in the FAC, as Plaintiff suggests. Instead, Plaintiff alleges these acts occurred "in plain view and/or earshot" of 611 Degraw staff. Dkt. 14 at ¶ 66(j)-(k). To allege that physical violence occurred within the scope of hotel employee's sight and hearing is not the same as alleging that hotel employees affirmatively *saw* and *heard* physical abuse. Courts have held that a complaint plausibly alleges constructive notice when it pleads facts regarding staff witnessing or hearing physical or verbal abuse. *See, e.g.*, *A.B. v. Marriott International, Inc.*, 455 F. Supp. 3d 171, 175 (E.D. Pa. 2020) ("The staff at each of the three hotels saw signs of her visible injury and were **aware** of frequent 'loud altercations' as well as 'constant' attacks on her by her trafficker…); *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 962 (S.D. Ohio 2019) ("despite her desperate screams for help, after being beaten or choked at the Defendants' hotel properties, the

hotel staff ignored her…”); *H.H. v. G6 Hospitality*, 2019 WL 6682152, at *1 (S.D. Dec. 6, 2019) (alleging “housekeeping staff discovered her chained up in the bathroom and ignored her pleas for help.”).

Plaintiff even acknowledges this principle in her opposition by citing *K.O. v. G6 Hospitality, LLC*, 728 F. Supp. 3d 624, 654-56 (E.D. Mich. 2024). In *K.O.*, the plaintiff allegedly “begged hotel staff to give her a phone to call her brother” while suffering broken bones and “without shoes or a phone.” *Id*. But those allegations are a far cry from what Plaintiff alleges in the FAC. In conclusory fashion, she alleges screaming and being subject to physical and verbal abuse at the Union Hotel. Even if Plaintiff supplemented these allegations with factual detail regarding injuries, she still fails to allege unequivocally that Union Hotel staff heard or saw these incidents. The FAC alleges no comparable actual observation, direct encounter, plea for help, or observation of physical restrain. Thus, Plaintiff has failed to allege 611 Degraw had actual or constructive notice of her alleged trafficking, further warranting dismissal of the FAC.

## POINT IV

## IF THE COURT DISMISSES PLAINTIFF’S TVPRA CLAIM, IT SHOULD DECLINE TO EXTEND SUPPLEMENTAL JURISDICTION OVER THE NEW YORK SOCIAL SERVICES LAW CLAIM

Because the FAC fails to provide factual detail regarding 611 Degraw’s alleged “notice of Plaintiff’s alleged trafficking under TVPRA analysis, so too should the Court dismiss cause of action under New York’s Social Services Law § 483-bb. As argued in 611 Degraw’s Memorandum of Law and reiterated in reply here, the receipt of ordinary profit from room rentals (and by extension Wi-Fi) does not, without additional facts, plausibly establish that 611 Degraw knowingly advanced or profited from Plaintiff’s alleged trafficking. While the statute does not have an explicit “participation in a venture” requirement, it stands to reason that a hotel providing ordinary services at an arm’s length transaction, without additional facts, does not know, and does not have reason

to know, that the transaction is borne out of sex trafficking. To hold that 611 Degraw lacked notice of her alleged trafficking yet is still liable for profiting from it would create an impermissible strict liability standard.

In the alternative, if the Court dismisses Plaintiff's TVPRA cause of action, it may exercise discretion in foregoing the sufficiency of the Social Services Law cause of action and decline to extend supplemental jurisdiction under U.S.C. § 1367(a). *See Catelyn H. v. G6 Hospitality, LLC*, 2025 WL 929032, at *5 (D. Nev. Mar. 26, 2025) ("The court dismissed plaintiff's federal claim under the TVPRA and finds plaintiff's state law claim would be best resolved by state court."). Further, there is a dearth of case law analyzing the applicability of Social Services Law § 483-bb to allegations of sex trafficking in hotels[1], and "courts should be particularly cautious about retaining state claims involving unsettled questions of law after federal claims have been dismissed." *Sapp v. Combs*, 2026 WL 3372227, at *4 (S.D.N.Y. Nov. 6, 2026) (cleaned up). Accordingly, the Court should dismiss the Social Services Law claim or alternatively, decline to extend supplemental jurisdiction after dismissing the TVPRA claim

## POINT V

## THE FAC CONTAINS IMPERMISSIBLY SWEEPING AND IDENTICAL ALLEGATIONS AGAINST ALL DEFENDANTS

611 Degraw does not argue that the FAC is unintelligible. Rather, 611 Degraw seeks dismissal of the FAC under Rule 8 because it fails to offer "specification as to the particular activities by any particular defendant." *Olabopo v. Gomes*, 2016 WL 5477586, at *4 (E.D.N.Y.

[1] 611 Degraw has not identified a single New York District Court opinion analyzing Social Services Law § 483-bb in the context of alleged sex trafficking at a hotel; the only reference is contained in *S.J. v. Choice Hotels, International, Inc.*, 473 F. Supp. 3d 147, 156 (E.D.N.Y. 2020), which limited its analysis to barring application of the statute to allegations of trafficking occurring before January 19, 2016.

Sept. 29, 2016); *Ritchie v. Northern Leasing Systems, Inc.*, 14 F. Supp. 3d 229, 237 (S.D.N.Y. 2014), citing *Harris v. NYU Langone Med. Ctr.*, 2013 WL 3487032, at *7 (S.D.N.Y. July 9, 2013).

611 Degraw takes no issue with the FAC distinguishing it as the Union Hotel's owner, as opposed to alleging Greenwich Street Equities Ltd. as the Union Hotel's operator. 611 Degraw takes issue with the fact that there is not one iota of difference between the alleged trafficking at the Union Hotel and the Gowanus Inn & Yard. Plaintiff couches all "factual" allegations against all defendants collectively, creating a vague complaint. Plaintiff generically bundles all Defendants together factually, with no attempt to discern how each defendant "participated" in Plaintiff's alleged trafficking or had alleged notice of same. For example, the FAC applies its "lookouts and informants" characterization collectively against all Defendants, and does not distinguish the alleged conduct at the Union Hotel from the alleged conduct at the Gowanus Inn & Yard:

> Defendants' staff and employees acting as lookouts and informants, during the scope of their employment, for the benefit of the trafficker(s) so as to alert the aforesaid trafficker(s) of police activity or similar type warning alters, or otherwise failing to respond to clear signs of trafficking.

Dkt. 14 at ¶ 35(d). This example shows the failure to distinguish conduct between the two alleged trafficking locations. Collective pleading prevents the Court and 611 Degraw from determining which employees allegedly acted as lookouts, where the alleged conduct occurred, which defendant allegedly employed or controlled those individuals, and what each defendant allegedly knew.

As the Second Circuit held in *City of Pontiac Police and Fire Retirement System v. BNP Paribas Securities Corp.*, "mere generalizations as to any particular defendant – or even defendants as a group – are insufficient." *City of Pontiac Police and Fire Retirement System v. BNP Paribas Securities Corp.*, 92 F. 4th 381, 410 (2d Cir. 2024), citing *In re Zinc Antitrust Litigation*, 155 F. Supp. 3d 337, 384 (S.D.N.Y. 2016). Because the FAC does not identify conduct or knowledge

attributable to 611 Degraw, its collective allegations fail to provide 611 Degraw with fair notice and warrant dismissal under Rule 8.

## CONCLUSION

611 Degraw respectfully requests that the Court dismiss all claims asserted against it. The Court should dismiss the TVPRA and New York Social Services Law claims on the merits. Alternatively, after dismissing the TVPRA claim, the Court should decline to exercise supplemental jurisdiction over the state-law claim.

Dated: New York, New York
November 13, 2026

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Corey Shulman
Karen L. Campbell, Esq., SB# 2184018
Corey L. Shulman, Esq., SB# 5295589
140 Broadway, 31st Floor
New York, New York 10005
Telephone: 212.232.1300
Karen.Campbell@lewisbrisbois.com
Corey.Shulman@lewisbrisbois.com
*Attorneys for Defendant*
611 Degraw LLC d/b/a Union Hotel

## WORD COUNT CERTIFICATION

In accordance with Local Rule 7.1(c), the undersigned hereby certifies that this Memorandum of Law in Support of Defendant's Motion to Dismiss does not exceed 3,500 words and does not exceed 10 pages, excluding the caption, table of contents, table of authorities, signature block, and required certificates.

*/s/ Corey Shulman*
Corey Shulman

**<u>CERTIFICATE OF SERVICE</u>**

In accordance with Rule VII.B.1 of the Honorable Joseph Marutollo's Individual Practices and Rules, the undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed on ECF/PACER as a bundle, along with the undersigned's Motion in Chief and Plaintiff's Memorandum of Law in Response on this 13th day of November, 2026.

*/s/ Corey Shulman*
Corey Shulman